UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TARA HAGINS | : | |
| V. | : | 3:21-cv-00747-JBA |
| THE NORWALK HOSPITAL ASSOCIATION<br>d/b/a NORWALK HOSPITAL and OMAIRA<br>COLON-HILL, in her individual capacity | :<br>:<br>: | SEPTEMBER 1, 2022 |

**RULING RE: PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

Pending before the Court is Plaintiff Tara Hagins's Motion to Compel responses to her First Request for Production. (Doc. # 31.) For the reasons that follow, Plaintiff's Motion to Compel is DENIED.

I. FACTUAL BACKGROUND

This case arises from Plaintiff's employment with Norwalk Hospital in 2018. Plaintiff claims race and sex discrimination in the workplace associated with her termination. On June 30, 2022, Defendants served responses and objections to Plaintiff's First Set of Request for Production. On August 1, 2022, Plaintiff filed a Motion to Compel Discovery Responses to compel Defendants to provide documents responsive to Plaintiff's First Set of Requests for Production Nos. 12, 78, 80, and 82–93. (Doc. # 31.) Defendants filed their opposition to Plaintiff's Motion to Compel on August 29, 2022. (Doc. # 40.)

II. DISCUSSION

While Rule 37(a)(1) of the Federal Rules of Civil Procedure permits a party to move for an order compelling discovery, such motion must be accompanied by a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

1

Local Civil Rule 37 of the United States District Court for the District of Connecticut further specifies that

> (a) No motion pursuant to Rules 26 through 37, Fed.R.Civ.P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. *In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement.* If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

(Emphasis added.)

"[A] motion to compel may not be filed until the plaintiff has attempted to resolve the issue in good faith with opposing counsel." *Therrien v. Martin*, No. 3:07-CV-1285-JCH, 2007 WL 3269745, at *2 (D. Conn. Oct. 31, 2007). "A party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(1) of the Federal Rules of Civil Procedure and Rule 37(a) of the Local Civil Rules of the United States District Court for the District of Connecticut. Under both rules, a motion to compel must include a certification that the plaintiff has attempted to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court." *McKinney v. Dzurenda*, No. 3:10-CV-880-AVC-TPS, 2011 WL 3568369, at *1 (D. Conn. Aug. 12, 2011).

In her motion, Plaintiff states that two telephonic meet and confers took place, the first on July 1, 2022, and the second July 15, 2022. Defendants state that only one meet and confer took place on July 1, 2022, and that on July 13, 2022, Defendants' counsel sent Plaintiff's counsel a detailed follow-up email which Plaintiff did not respond to. (Doc. # 40, Ex. A.)

Exhibits attached to Defendants' Opposition reveal that on July 13, 2022, Defendants' counsel sent to Plaintiff's counsel a detailed email addressing all outstanding discovery issues with a plan of action and an invitation to continue the good faith process. (*Id*.) This email demonstrates that the parties were making progress in that Defendants were offering to identify and produce responsive documents, as narrowed by counsel's previous discussions.

Further, on August 16, 2022, Defendants' counsel sent an email to Plaintiff's counsel, updating him on efforts to obtain responsive documents as to all outstanding discovery requests with the goal of anticipated production to Plaintiff. (*Id.*, Ex. C.) On August 26, 2022, Defendants' counsel sent a follow-up email to Plaintiff's counsel with supplemental production in response to Requests 82–85. (*Id*., Ex. D.) By contrast, Plaintiff in her motion did not provide any evidence that it responded to the July 13th email or otherwise communicated with Defendants in furtherance of the obligation to act in good faith. Notably, Plaintiff's counsel failed to mention that the July 13th email even existed and stated that Defendants instead reiterated their decision not to run any searches for ESI or produce any documents in response to the Requests for Production at issue.

On the record before the Court, Plaintiff did not make a good faith attempt to resolve the discovery issues before seeking intervention of the court. And, it appears that through continued efforts by Defendants, the issues regarding Plaintiff's First Set of Requests for Production Nos. 12, 78, 80, and 82–93 have been mostly, if not entirely resolved.

Specifically, as for Requests for Production Nos. 12 and 78, which involve the search terms and scope to be used to retrieve responsive and relevant emails, Defendants explain in their opposition that Defendant Norwalk Hospital had already conducted an ESI search prior to the requests for production on four of the six custodians Plaintiff lists in its Motion to Compel, that Ashley Hutchinson is an entirely new custodian that Plaintiff did not list before the Motion to

Compel, and that Defendants have already explained that Mr. Pegula had limited involvement in events following the termination of Plaintiff's employment. Despite this, in the August 16, 2022 email, Defendants' counsel advised Plaintiff's counsel that they "have no problem running a search of 'Tara' and 'Hagins' as terms for your requested time period across custodians Pegula and Hutchinson, which are the only new custodians we can run that we've not run an ESI search for, to date. Please confirm this will work for you." (*Id*., Ex. C).

As for Request for Production No. 80, which requests documents sufficient to identify other employment lawsuits and administrative proceedings involving claims of race and sex discrimination, Defendants' counsel responded in her July 13, 2022 email that "[o]n your narrowed RFP 80, requesting documents of other race or sex discrimination lawsuits or administrative proceedings to which Norwalk Hospital or Omaira Colon-Hill have been a party since 1/1/2017, we can confirm that, notwithstanding our objections, there are no responsive documents of which we are aware and will supplement our responses accordingly." (*Id.,* Ex. A.)

As for Requests for Production Nos. 82–85, which request comparative information of former workmates of Plaintiff and the disciplinary records and performance evaluations of Defendant Omaira Colon-Hill, Plaintiff's direct supervisor, Defendants' counsel informed Plaintiff's counsel on July 13, 2022 that she would confer with Norwalk Hospital on production of these records. (*Id*.) And, on August 16, 2022, Defendants' counsel informed Plaintiff's counsel that Norwalk Hospital would produce the above records, and then it did so later in the month. (*Id*., Exs. C–D.)

As for Requests for Production No. 92, Defendants attached documents in their June 30, 2022 response, and the July 13, 2022 email states: "[o]n your RFP 92, see documents previously

4

produced to you, including at Bates Numbers DEF000255 –DEF000279, and let us know if you want to confer." (*Id.*, Exs. A–B.)

As for Requests for Production Nos. 86–91 and 93, which request a daily summary of blood draws and blood draw requisition orders, on July 13, 2022, Defendants' counsel stated: "we are in the process of determining whether there are records we can produce. If they exist, these records are currently archived and time-consuming to obtain, if even possible to obtain. We will let you know." (*Id.*, Ex. A) On August 16, 2022, Defendants' counsel stated: "we have conferred with our client, can confirm that responsive documents exist but are archived and time-consuming to obtain, and are in the process of obtaining these documents so that we can produce them to you, notwithstanding our objections." (*Id.*, Ex. C.)

Defendants have demonstrated that they were cooperating with the discovery requests after the July 1st meet and confer, and instead of attempting to resolve any issues with Defendants' responses between counsel, Plaintiff did not respond to Defendants' July 13, 2022 email and instead involved the court prematurely. *Book v. Moulton*, No. 3:05-cv-0875-TJM, 2006 WL 8453010 (N.D.N.Y. Feb. 27, 2006) (finding motion to compel discovery premature where "Defendants' counsel has shown himself to be ready and willing to communicate with Plaintiff in writing" and "Plaintiff did not make a reasonable effort to address his concerns directly with Defendants' attorney" before seeking court intervention).

III. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel (Doc. # 31) is DENIED. Defendants' compliance with the remaining promised documents is due to Plaintiff within fourteen (14) days of this Ruling. D. Conn. L. Civ. R. 37(d).

"This is not a recommended ruling, but a ruling on a non-dispositive motion, which is reviewable pursuant to the 'clearly erroneous' statutory standard of review. *See* 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection. *See* 28 U.S.C. § 636(b) (written objections to ruling must be filed within fourteen calendar days after service of same); Fed. R. Civ. P. 72; Rule 72.2 of the Local Rules for United States Magistrate Judges; *Small v. Secretary*, *H & HS*, 892 F.2d. 15, 16 (2d Cir. 1989) (failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)." *Saliga v. Chemtura Corp.*, No. 3:12-CV-832-VAB, 2016 WL 3093355, at *3 (D. Conn. June 1, 2016).

          */s/ Maria E. Garcia*
          Hon. Maria E. Garcia
          United States Magistrate Judge